IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ramon Odin Lagos-M, #11885-017, <br> a.k.a. Antonio Cardona, <br> a.k.a. Ramon Odin Lagos-Murillo, <br><br> Plaintiff, <br><br> vs. <br><br> Victor Loranth, Doctor at FCI Williamsburg; Donald F. Bauknecht, Warden at FCI Williamsburg; both in their individual and official capacities, <br><br> Defendants. | C.A. No. 9:07-1409-HMH-GCK <br><br> **OPINION & ORDER** |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Ramon Odin Lagos-M ("Lagos-M"), a federal prisoner proceeding pro se, brings this action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397 (1971). Lagos-M claims violations of his First, Eighth, and Fourteenth Amendment rights. In his Report and Recommendation, Magistrate Judge Kosko recommends dismissing the case without prejudice and without issuance and service of process for failure to state a claim upon which relief may be granted.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

## I. Factual and Procedural Background

Lagos-M is currently incarcerated at FCI Williamsburg in Salters, South Carolina. He alleges that he suffers from a skin condition which causes scales to form on his face, chest, and back. (Compl. 3.) Lagos-M alleges that defendant Dr. Victor Loranth ("Dr. Loranth") violated his Eighth Amendment right against cruel and unusual punishment by failing to treat his condition during an examination on December 29, 2006, and by slapping a piece of paper into Lagos-M's hand. (Id.) In addition, he contends that Dr. Loranth verbally abused him by referring to him as a "piece of XXXX" in violation of his First Amendment rights, and discriminated against him on the basis of his race in violation of his Fourteenth Amendment rights. (Id. at 4.)

In his Report and Recommendation, Magistrate Judge Kosko recommended dismissing Lagos-M's complaint without prejudice and without issuance and service of process for failure to state a claim upon which relief may be granted. The Magistrate Judge found that Lagos-M's allegations, at most, constitute a claim for medical malpractice, which is insufficient to support a claim for violation of the Eighth Amendment. (Report and Recommendation 5.) In addition, the Magistrate Judge found that Lagos-M's allegation that Dr. Loranth slapped a piece of paper into his hand demonstrated insufficient physical contact and harm to support an excessive force claim. (Id. 5-6.) Finally, with regard to Lagos-M's First and Fourteenth Amendment claims, Magistrate Judge Kosko concluded that Lagos-M had presented no facts which could possibly support a claim for violations of any federally-protected right, including violations of the First and Fourteenth Amendments. (Id. at 6-7.)

## II. OBJECTIONS AND MOTION TO AMEND

Lagos-M filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Lagos-M's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Lagos-M objects to the Magistrate Judge's conclusion that his inadequate medical care claim fails, in part, because he did not allege any pain as a result of his skin condition. (Objections 2-3.) In addition, Lagos-M filed a motion to amend his complaint on July 11, 2007, and attached a proposed amended complaint to his motion.

In his proposed amended complaint and in his objections, Lagos-M makes the new allegation that he was, in fact, in pain on December 29, 2006, when Dr. Loranth refused to treat his skin condition. (Proposed Am. Compl. 4; Objections 1-2.) However, Lagos-M does not allege that he told Dr. Loranth that he was in pain. Further, the allegation that Lagos-M was in pain does not alter the Magistrate Judge's original finding that Dr. Loranth's alleged failure to treat Lagos-M's skin condition could, at most, support a claim for negligence. "The mere failure to treat all medical problems to a prisoner's satisfaction, even if that failure

amounts to medical malpractice, is insufficient to support a claim under § 1983." Peterson v. Davis, 551 F. Supp. 137, 146 (D. Md. 1982); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Therefore, this objection is without merit.

In addition, in his objections and proposed amended complaint, Lagos-M alleges for the first time that he reported his skin condition to his counselor, "Ms. Merritt," his unit manager, "AW and Warden at mainline," and "his supervisor Taylor." (Proposed Am. Compl. 4; Objections 2.) However, these allegations are irrelevant to Lagos-M's claims against Dr. Loranth. Further, Lagos-M alleges that he began complaining of his medical condition to various persons on January 9, 2007, and was treated on January 18, 2007. (Compl. Ex. 3 (Administrative Remedy Receipt 2); Objections 2; Proposed Am. Compl. 4.) Given Lagos-M's relatively minor medical condition, he fails to demonstrate that this delay constituted "an unnecessary and wanton infliction of pain" or was "repugnant to the conscience of mankind." Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). The records submitted by Lagos-M indicate that he was treated from March 16, 2006, through January 18, 2007, for his skin condition, with the exception of the December 29, 2006, examination when Dr. Loranth noted that no rash was present. (Compl. Ex. 3 (Administrative Remedy Receipt 4).) Lagos-M's allegations, if true, are insufficient to establish a deliberate indifference by the Defendants to a serious medical need. Therefore, these allegations do not alter the findings of the Magistrate Judge.

4

For the same reasons and construing Lagos's proposed amended complaint liberally, the court finds that granting Lagos-M's motion to amend would be futile. See In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). Therefore, Lagos-M's motion to amend is denied, and his complaint is dismissed without prejudice and without issuance and service of process. Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Kosko's Report and Recommendation.

Therefore, it is

**ORDERED** that Lagos-M's motion to amend complaint, docket number 14, is denied. It is further

**ORDERED** that Lagos-M's case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 18, 2007

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5